IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL SALLIE** and **MELINDA PERKINS**, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 2:10cv456 **Electronic Filing** |
| **BRYAN LYNK**, individually and in his official capacity as a Police Officer of Midland Borough; **BRUCE TOOCH**, individually and in his official capacity as a Police Officer of Midland Borough; **RONALD LUTTON**, individually and in his official capacity as a Police Officer of Midland Borough; **GEORGE HRUBOVCAK**, individually and in his official capacity as a Police Officer of Midland Borough; and **MIDLAND BOROUGH**, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

AND NOW, this 19th day of November, 2012, upon due consideration of defendants' motion in limine to exclude evidence of defendants' alleged wrongs and other acts and the parties' submissions in conjunction therewith, IT IS ORDERED that [73] the motion be, and the same hereby is, denied without prejudice to challenge any specific evidence plaintiffs choose to proffer at trail.  To be sure, much of the evidence generally referenced in the motion appears to be irrelevant to the issues that remain for trial.  And the record falls far short of demonstrating that such actions constituted a regular and uniform response to a repeated specific situation or event.  A habit is perpetual, specific and particular; it is not established by evidence that merely

shows a tendency to act in a particular manner.  Nevertheless, defendants seek a blanket ruling as to an entire category of evidence which has not been identified with any level of particularity or specificity.  Consequently, the court is not in a position to determine whether any particular piece of evidence falling within the extensive scope of the motion may be admissible as to the remaining issues involving whether the force used against plaintiffs was excessive and/or whether the defendants' action were undertaken with inappropriate intent and/or without proper basis or justification.  At trial, plaintiffs' counsel shall give defense counsel advance notice of plaintiffs' intent to proffer each specific piece of evidence falling within the scope of the instant motion so that defendants may challenge its introduction outside the presence of the jury.  The court will resolve such challenges in the context and setting of the record as then developed.  Failure to comply with this order will result in sanctions.

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:   Patrick Sorek, Esquire
      Douglas C. Hart, Esquire
      Charles H. Saul, Esquire
      Kyle T. McGee, Esquire

      (*Via CM/ECF Electronic Mail*)