# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL SALLIE** and **MELINDA PERKINS**, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) 2:10cv456 ) **Electronic Filing** |
| **BRYAN LYNK**, individually and in his official capacity as a Police Officer of Midland Borough; **BRUCE TOOCH**, individually and in his official capacity as a Police Officer of Midland Borough; **RONALD LUTTON**, individually and in his official capacity as a Police Officer of Midland Borough; **GEORGE HRUBOVCAK**, individually and in his official capacity as a Police Officer of Midland Borough; and **MIDLAND BOROUGH**, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM ORDER

AND NOW, this 19th day of November, 2012, upon due consideration of defendants' motion in limine to exclude evidence of alleged misconduct of a traffic stop and the parties' submissions in conjunction therewith, IT IS ORDERED that [77] the motion be, and the same hereby is, granted. First, the record falls far short of demonstrating that such actions constituted a regular and uniform response to a repeated specific situation or event. A habit is perpetual, specific and particular; it is not established by evidence that merely shows a tendency for certain employees to act in a particular manner or for certain individuals to act in a particular way upon encountering a specific individual. Second, even assuming that the traffic stop has some

relevance to the issues that remain for trial, the probative value of the stop is substantially outweighed by its tendency to confuse the issues, mislead the jury and waste time in presenting evidence on a collateral matter.

s/ David Stewart Cercone
David Stewart Cercone
United States District Judge

cc:  Patrick Sorek, Esquire
     Douglas C. Hart, Esquire
     Charles H. Saul, Esquire
     Kyle T. McGee, Esquire

   (*Via CM/ECF Electronic Mail*)