# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL SALLIE** and **MELINDA PERKINS**, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>**BRYAN LYNK**, individually and in his )<br>official capacity as a Police Officer of )<br>Midland Borough; **BRUCE TOOCH**, )<br>individually and in his official capacity as a )<br>Police Officer of Midland Borough; )<br>**RONALD LUTTON**, individually and in )<br>his official capacity as a Police Officer of )<br>Midland Borough; **GEORGE** )<br>**HRUBOVCAK**, individually and in his )<br>official capacity as a Police Officer of )<br>Midland Borough; and **MIDLAND** )<br>**BOROUGH**, )<br>)<br>Defendants. ) | 2:10cv456<br>**Electronic Filing** |

## MEMORANDUM ORDER

AND NOW, this 19th day of November, 2012, upon due consideration of defendants' motion in limine to exclude evidence of a letter sent to Sallie's mother and the parties' submissions in conjunction therewith, IT IS ORDERED that [79] the motion be, and the same hereby is, granted. Even assuming that the July 2009 letter threatening Sallie's mother with a defamation lawsuit has some relevance to the issues that remain for trial, the probative value of the letter is substantially outweighed by its tendency to confuse the issues, mislead the jury and waste time in presenting evidence on a collateral matter. Sallies' mother is not a party to this

lawsuit and the letter stems from events that occurred months after the events in question.

<u>s/ David Stewart Cercone</u><br>
David Stewart Cercone<br>
United States District Judge

cc:    Patrick Sorek, Esquire
       Douglas C. Hart, Esquire
       Charles H. Saul, Esquire
       Kyle T. McGee, Esquire

       (*Via CM/ECF Electronic Mail*)